UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$119,031 IN UNITED STATES CURRENCY,<br>AND ANY ACCRUED INTEREST;<br><br>$27,161 IN UNITED STATES CURRENCY,<br>AND ANY ACCRUED INTEREST; and<br><br>$21,180 IN UNITED STATES CURRENCY,<br>AND ANY ACCRUED INTEREST,<br><br>Defendants. | CASE NO. CV23-5444<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

## I.   NATURE OF THE ACTION

1.   This is a civil *in rem* action for forfeiture of the following United States currency seized on or about November 16, 2022, from the person of Emmanuel Xavier Hunter ("Hunter") and from his residences in Seattle and Puyallup, Washington (collectively, "Defendant Currency"):

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 1
*United States v. $119,031 in U.S. Currency, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    a.      $119,031 in United States currency, and any accrued interest ("Defendant Currency 1");

    b.      $27,161 in United States currency, and any accrued interest ("Defendant Currency 2"); and

    c.      $21,180 in United States currency, and any accrued interest ("Defendant Currency 3").

## II.     LEGAL BASIS FOR FORFEITURE

2.     The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1) (distribution of controlled substances). Specifically, counsel for the United States has a reasonable belief the government will be able to prove based on a preponderance of the evidence that the Defendant Currency represents proceeds from the sale of controlled substances.

## III.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. § 1395(b) (the Defendant Currency was seized in this district).

5.     Drug Enforcement Administration ("DEA") seized the Defendant Currency during searches of Hunter and his residences in Seattle and Puyallup, Washington. After taking custody of the Defendant Currency, DEA transferred custody to the United States Marshals Service ("USMS"), where it remains.

6.     As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 2
*United States v. $119,031 in U.S. Currency, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.   FACTUAL BASIS FOR FORFEITURE

7.     Law enforcement investigated a drug-trafficking organization ("DTO") operating in the Western District of Washington. During the investigation, law enforcement conducted two controlled purchases from Hunter of approximately 500 grams of counterfeit oxycodone pills suspected of containing fentanyl.

8.     Based on the investigation, law enforcement obtained warrants to search for and seize evidence of drug trafficking (the "Warrants"). *See* Western District of Washington Case Numbers MJ22-5248-01, -02, and -03. Specifically, the Warrants authorized searches of:

   a.     429 2nd Ave. W, Apartment 601, Seattle, Washington ("Seattle Residence");

   b.     7630 180th St. E, Puyallup, Washington ("Puyallup Residence"); and

   c.     Hunter's person.

9.     Law enforcement executed the Warrants on or about November 16, 2022.

10.     Law enforcement seized Defendant Currency 1 from the Puyallup Residence; Defendant Currency 2 from the Seattle Residence; and Defendant Currency 3 from Hunter's person.

11.     During the searches of Hunter's person and residences, law enforcement also located and seized approximately 98,000 counterfeit oxycodone pills suspected of containing fentanyl, approximately 1.7 kilograms of fentanyl powder, approximately 1.2 kilograms of cocaine, and five handguns, as well a money counter, a scale, and other drug paraphernalia.

12.     Hunter was originally charged by complaint on November 22, 2022, with one count of possession with intent to distribute a controlled substance. On December 14, 2022, the Grand Jury returned a nine-count indictment against Hunter in the Western District of Washington at Tacoma. *See United States v. Emmanuel Xavier Hunter*, Case

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 3
*United States v. $119,031 in U.S. Currency, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

No. CR22-5345-DGE, Dkt. No. 12. The Indictment included five drug-related charges for violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), (B), and (C).

13.     After the Defendant Currency was seized, DEA initiated administrative forfeiture proceedings against it. In the administrative process, DEA received Hunter's claim to the Defendant Currency. DEA referred Hunter's claim to the United States Attorney's Office for judicial resolution.

## V.     REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove by a preponderance of the evidence that the Defendant Currency represents proceeds from the sale of controlled substances, in violation of 21 U.S.C. § 841(a)(1), which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States respectfully requests:

1.     A warrant issue for the arrest of the Defendant Currency;

2.     That due notice be given to all interested parties to appear and show cause why the Defendant Currency should not be forfeited;

3.     The Defendant Currency be forfeited to the United States for disposition according to law; and

//

//

//

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 4
*United States v. $119,031 in U.S. Currency, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        4.      For such other and further relief as this Court may deem just and proper.

2

3        DATED this  15th  day of May, 2023.

4

5                                        Respectfully submitted,

6                                        NICHOLAS W. BROWN
                                         United States Attorney
7

8

9                                        JEHIEL I. BAER
                                         Assistant United States Attorney
10                                       United States Attorney's Office
                                         700 Stewart Street, Suite 5220
11                                       Seattle, Washington 98101-1271
                                         Phone: 206-553-2242
12                                       Fax: 206-553-6934
                                         Email: Jehiel.Baer@usdoj.gov
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 5
*United States v. $119,031 in U.S. Currency, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**<u>VERIFICATION</u>**

I, Jonathan L. Pearson, am a Task Force Officer with the Drug Enforcement Administration in Tacoma, Washington. I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *in Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this __15__ day of May, 2023.


_____
JONATHAN L. PEARSON
Task Force Officer, Drug Enforcement Administration

VERIFIED COMPLAINT FOR FORFEITURE *IN REM* - 6
*United States v. $119,031 in U.S. Currency, and Any Accrued Interest, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970